# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6886 | **DATE** | 1/22/2003 |
| **CASE TITLE** | Debra Pleasant vs. Risk Management Alternatives, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, Defendant's Motion to Dismiss [Doc # 8] is denied.

(11) ☐ [For further detail see order attached to the original minute order.]

| | | | | | | | Document Number |
|---|---|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | | | |
| | No notices required. | | | number of notices | | | |
| | Notices mailed by judge's staff. | | | | | | |
| | Notified counsel by telephone. | | | date docketed | | | |
| | Docketing to mail notices. | | | | | | 12 |
| | Mail AO 450 form. | | | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | | | | | | |
| | | courtroom deputy's initials | | date mailed notice | | | |
| jar/lc | | | U.S. DISTRICT COURT CLERK | | | | |
| | | | 03 JAN 22 PM 3:16 | Date/time received in central Clerk's Office | mailing deputy initials | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEBRA PLEASANT,     )
                    )     No. 02 C 6886
    Plaintiff,   )
                    )     HONORABLE DAVID H. COAR
    v.           )
                    )
RISK MANAGEMENT ALTERNATIVES,   )
Inc.                )
                    )
    Defendant.   )



DOCKETED
JAN 2 3 2003

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Risk Management Alternatives Motion to Dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated in the opinion below, Defendant's Motion to Dismiss is denied.

### Factual and Procedural Background

Plaintiff Debra Pleasant ("Plaintiff" or "Pleasant") received a letter from Defendant dated June 13, 2002 offering her a "one time settlement." The letter offered to settle her debt for half the amount owed on one condition: the settlement amount had to be received by June 26, 2002. The letter also contained the following sentence: "If settlement amount is not received by the date indicated above, the offer will be null and void and the entire balance outstanding will be due."

On September 27, 2002, Plaintiff filed a class action complaint in this court. The complaint alleged that the letter Plaintiff received violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Specifically, Plaintiff alleged that the "statement that the offer must be

accepted within 13 days is false and violates 15 U.S.C. § 1692e." (Comp. ¶10)  On November

27, 2002, Defendant Risk Management Alternatives, Inc. ("Defendant") filed a motion to dismiss

the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Discussion

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to

decide the merits of the case.  In evaluating the motion, the Court accepts as true all facts and

allegations in the complaint and makes all reasonable inferences in the plaintiff's favor.  See

Holman v. Indiana, 211 F.3d 399, 402 (7th Cir. 2000).  Complaints should only be dismissed if it

is clear that no set of facts in support of the claim would entitle the plaintiff to relief.  See

Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467

U.S. 69. 73 (1984)).

In support of its Motion to Dismiss, Defendant relies heavily on the doctrines of contract

law.  Defendant characterizes its letter to Plaintiff as a settlement offer with a specific time

limitation.  Defendant urges further that if Plaintiff sought to settle the matter for a similar

amount after the expiration of the initial offer, Defendant would be legally free to consider and

accept that as a counter-offer from Plaintiff.  As a matter of contract law, Defendant may be

absolutely right.  Unfortunately for the Defendant, Plaintiff is not pursuing a breach of contract

theory with respect to their "one time settlement" offer.

Plaintiff is plainly seeking relief under the Fair Debt Collection Practices Act, a federal

statute whose remedies extend beyond the mechanistic offer/counter-offer approach of the law of

contracts.  In 1977, Congress enacted the FDCPA "to eliminate abusive debt collection practices

by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action

to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e) (West 1998). The

portion of the statute Plaintiff references in her complaint forbids debt collectors to "use any

false, deceptive, or misleading representation or means in connection with the collection of any

debt." 15 U.S.C.A. §1692e (West 1998). Plaintiff's complaint alleges that the "one time"

settlement offer was not, in fact, a "one time" offer at all. Accepting this to be true, that portion

of the letter indicating that the offer was "one time" would be deceptive, misleading, and false.

Under the federal rules, the complaint states a claim under the Fair Debt Collection

Practices Act. Defendant's motion to dismiss is denied.

**Enter:**

_____

**David H. Coar**
**United States District Judge**

**Dated: January 22, 2003**