# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6886 | **DATE** | 9/18/2003 |
| **CASE TITLE** | Debra Pleasant vs. Risk Management Alternatives, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's Motion for Class Certification

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons given in the attached memorandum opinion, Plaintiff's Motion for Class Certification is granted. For further detail, see the opinion attached to this minute order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 19 2003 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 31 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| jar/lc | courtroom deputy's initials | 03 SEP 18 PM 3:21 Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEBRA PLEASANT, | ) |
| | ) No. 02 C 6886 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| RISK MANAGEMENT ALTERNATIVES, | ) |
| Inc. | ) |
| | ) |
| Defendant. | ) |

DOCKETED
SEP 1 9 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Debra Pleasant filed this action alleging a violation of the Fair Debt Collection Practices Act on September 27, 2002. After Defendant Risk Management Alternatives, Inc.'s Motion to Dismiss was denied, Plaintiff renewed her Motion for Class Certification. That renewed Motion for Class Certification is presently before the Court.

### Factual and Procedural Background

On January 14, 2003, Plaintiff filed her renewed Motion for Class Certification. On June 12, 2003, Defendant filed a document styled a "Conditional Stipulation to Plaintiff's Motion for Class Certification" (Docket No. 30). In this Conditional Stipulation, Defendant sought to withdraw conditionally its objections to Plaintiff's Motion for Class Certification. Specifically, Defendant proposed to agree to class certification "contingent upon execution by the Parties of a settlement agreement which is approved by the Court and is not vacated on appeal." (Def. Cond. Stip., ¶3). If the parties could not reach a settlement agreement or the settlement were vacated on appeal, Defendant sought to "reserve the right to reassert its objections to the proposed class."

1

31

(Def. Cond. Stip., ¶5) Although Rule 23 of the Federal Rules of Civil Procedure does permit conditional orders to certify a class, see Fed. R. Civ. P. 23(c)(1), Defendant's proposed conditions invite needless serial relitigation of the class certification issue. Moreover, the Seventh Circuit has recently emphasized that "Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003). Rather than conditionally certify the class in the manner sought by Defendant, the Court will address the merits of the class certification issues here.

I. **Analysis**

Plaintiff Debra Pleasant ("Plaintiff" or "Pleasant") filed a one-count class action complaint against Defendant Risk Management Alternatives, Inc. ("Defendant" or "RMA") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k. The Complaint alleges that she received a letter from Defendant dated June 13, 2002 offering her a "one time settlement" to settle her debt for half the amount owed on one condition: the settlement amount had to be received by June 26, 2002. (Comp. ¶6, Ex. A) Plaintiff alleges in her complaint that the time limitation in the offer was false in violation of 15 U.S.C. §1692e. Plaintiff seeks to proceed on behalf of a class of plaintiffs consisting of: (a) all natural persons in Illinois, (b) to whom Defendant Risk Management Alternatives, Inc. sent a letter, (c) on behalf of Bank One Credit Company, (d) offering a settlement at 50 percent or more of the balance due, (e) that must be accepted within a limited period, (f) which letter was sent on or after September 26, 2001 (one year prior to the filing of this action). To that end, she filed the motion for class certification presently before the Court.

2

A similar class action suit was brought against the same defendant in this district. See Jones v. Risk Management Alternatives, Inc., No. 02 C 9392, 2003 WL 21654365 (N.D. Ill. July 11, 2003). In Jones, the plaintiff alleged that RMA sent multiple "one-time" settlement letters to the same debtors. In the instant case, the allegations only include a single "one-time" settlement letter, but the facts of the two cases are sufficiently similar that the analysis of the class certification issue in Jones will be instructive here.

### A. Legal Standards

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court. In order to bring a class action, the plaintiff must demonstrate that the lawsuit meets the four requirements of Rule 23(a), which are: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, the Plaintiff must satisfy one of the three conditions of Rule 23(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 23(b). In the case before the Court, Plaintiff seeks certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). The burden of proof on a motion for class certification rests with the Plaintiff. See Gen. Tel. Co. v. Falcon, 457 U.S. 147, 162 (1982). The failure to satisfy all of these requirements precludes certification of a class.

### B. Rule 23(a) Requirements

#### 1. Numerosity

The proposed class must be "so numerous that joinder of all members is impracticable."

Fed. R. Civ. Pro. 23(a)(1). This places a positive burden on the party seeking to certify the class to show that there are enough class members that it would not make sense to bring them all into court. The plaintiff is not required to show a set number of class members to discharge that burden. The actual number of class members necessary to certify a class depends upon the facts and circumstances of each case. "When the class is large, numbers alone are dispositive, but when the class is small, factors other than numbers become significant." Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986). In some cases, statistical evidence that suggests the class would be of a size to justify proceeding as a class action can be sufficient.

In this case, the Plaintiff has not presented any evidence about the number of members this class might have. Plaintiff does present unrebutted case law (although some of it is rather stale) from the Seventh Circuit and other jurisdictions that suggests the Court can certify a class of between ten and forty members. See Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 class members sufficient in a local racial discrimination suit); Swanson v. American Consumer Indus., 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (40 class members sufficient in shareholder derivative suit); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 class members sufficient; citing cases where class size ranged from 10–23).

To support an inference that the putative class in this case is sufficiently numerous, the Plaintiff relies on extrapolations from statistics about the Defendant and Bank One Credit, the organizations named in the class Plaintiff seeks to certify. The Plaintiff proffers that Defendant RMA is one of the six largest collection agencies in the United States, working more than six

billion dollars in consumer debt.[1] (Pl. Mot. Class Cert., at Ex. B.) Plaintiff also asserts that Bank One Credit has a car loan and lease portfolio of $20 billion in consumer loans and leases, which contains $50 million in charge-offs that are sent to collection. (Pl. Mot. Class Cert. at 7.) From those figures, Plaintiff makes an assumption that each state bears a proportion of the charge-offs that is directly related to its proportion of the national population, yielding $2.5 million dollars in collection activity on behalf of Bank One Credit Company in Illinois. (Pl. Mot. Class Cert., at 7.) Plaintiff next asserts an inference that from $2.5 million in collection activity, the class must be sufficiently numerous to make joinder impracticable.

In response to these inferences, built and extrapolated from statistics, the Defendant offers that the Plaintiff has not met her burden of establishing numerosity. Defendant does not offer any specific evidence of the size of its collection portfolio for Bank One Credit in Illinois, nor need it, for it is the Plaintiff's burden. Such evidence would have been a great aid to the court in making this determination, but the Court will work with the submissions on hand.

Plaintiff's tower of inferences is not exactly bulletproof. It may not be, for example, that Illinois represents a percentage of Bank One Credit's collection activities equal to its share of the national population. However, the respective sizes of Defendant RMA's collection operations and Bank One Credit's collection portfolio do permit an inference that the number of people in Illinois who received such letters from Defendant would be sufficiently numerous that joinder will be impracticable. The Plaintiff has met her burden of establishing numerosity, but barely. If

---

[1] The Plaintiff's evidence indicates that RMA purchased the collections operation of the fifth leading collections organization, Equifax. The Court will assume that this increased RMA's collections portfolio above six billion dollars. However, the Court does not believe it is safe to assume that RMA's post-acquisition portfolio equaled a simple sum of the two. RMA likely saw its collection accounts increase substantially, but it is not clear that they assumed all of the value

5

the Defendant comes forward with evidence that the class is actually not sufficiently numerous to merit a class action under Rule 23, the Court will consider altering its conclusion, as Rule 23 permits it to do. See Fed. R. Civ. P. 23(c)(1) ("An order under this subdivision . . . may be altered or amended before the decision on the merits.").

### 2. Commonality

The proposed class must have "common questions of law or fact." Fed. R. Civ. P. 23(a)(2). In actions brought under the FDCPA, commonality is often a relatively routine inquiry. Debt collection organizations, such as Defendant, tend to be large, efficient, and repetitive. The dunning form letters that they send to debtors are exactly that: form letters. In cases challenging the legality of those form letters, such as this one, the nucleus of operative fact is likely to be better than common: it is likely to be identical. Moreover, the legal issues involved are common as well. At bottom, the legal question in this case is whether the form letter Plaintiff and other putative class members received offering a "one-time" settlement of their debt with Bank One Credit contained "false, deceptive, or misleading representation or means." 15 U.S.C.A. §1692e (West 1998).

Defendant urges that Plaintiff's claim is not common with the putative class members for three reasons: (1) Plaintiff did not attempt to pay the "one-time"settlement; and (2) the "one-time" settlement offer was "a good deal"; and (3) Plaintiff's claim is adverse to those class members who resolved their debts according to the terms of the "one-time" settlement letter. (Def. Resp. Pl. Mot. Class Cert., at 3.) None of those reasons are compelling. Plaintiff's response (or lack thereof) to the letter has no bearing on the common issues of law and fact in this case. It may be relevant to the question of damages (if Plaintiff can prove liability), but the

law does not require plaintiffs to respond to false, deceptive or misleading representations in order to have standing to assert their claims. Defendant may be correct in its contention that the offer contained in the letter would benefit the debtors, but if the offer contained false, deceptive, or misleading representations" it would fall afoul of the FDCPA no matter how generous it may have been. Finally, Plaintiff's claim is not adverse to those putative class members who did accept the "one-time" settlement offer. Those class members who accepted the settlement offer in the letter would be situated differently with respect to the Defendant, but they would not be situated differently with respect to the issues in this lawsuit. If Plaintiff prevails on behalf of the class, those class members who settled their debts pursuant to the terms of the letter would not have their debts unsettled. The amount of damages they would be entitled to might be different, but "[t]he fact that there is some factual variation among the class grievances will not defeat a class action." Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

### 3. Typicality

The claims of the Plaintiff, as the representative party, must be typical of the claims of the class in order for the class to be certified. Fed. R. Civ. P. 23(a)(3). There can be no dispute about typicality here. "[E]ach class member's claims arise from the same event or practice of the [defendant], so the claims meet the typicality requirement." Rosario v. Livaditis, 963 F.2d at 1018 (7th Cir. 1992); see also Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 597 (7th Cir. 1993) (typicality requirement met when "all members of the class were subject to the same allegedly unlawful practices") (quoting De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983)). Defendant counters Plaintiff's position on typicality with the same arguments it presented about commonality. Those arguments are similarly inapposite here. If

any member of the class has a claim based on the letter Plaintiff received, Plaintiff's claim would be typical, as the letter is exactly the same.

### 4. Adequacy of Representation

The fourth requirement of Rule 23(a) is that the plaintiff "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The inquiry whether Plaintiff will fairly and adequately protect the class is generally broken into two component parts: (1) whether Plaintiff's counsel possesses the sufficient qualifications and experience to litigate a class action lawsuit in federal court; and (2) whether Plaintiff has interests that are antagonistic to other class members.

#### a. Plaintiff's Counsel

Plaintiff has retained the law firm of Edelman, Combs & Latturner, LLC, to represent her in this matter. In support of her motion for class certification, Plaintiff submitted a signed declaration from Daniel A. Edelman describing the qualifications of the law firm. (Pl. Mot. Class Cert., Ex. F.) Defendant does not challenge the adequacy of Plaintiff's counsel. From a perusal of the firm's qualifications, the Court harbors no reservations about the adequacy of Plaintiff's counsel.

#### b. Antagonistic Interests

Defendant continues to argue that Plaintiff's interests are antagonistic to those class members who accepted the "one-time" settlement offer, which Defendant characterizes as a good deal. The legal and factual issues in this case have nothing to do with the generosity of the bargain that Defendant offered to Plaintiff and the other class members in the letter. This case addresses only whether the letter contained false, deceptive, or misleading representations in its attempt to collect a debt. The Defendant's letters could be seeking to settle billion dollar debts

for mere pennies; if they contained false, deceptive, or misleading representations, they would still violate the FDCPA. Plaintiff received one of these letters and has taken the steps to retain qualified class counsel and bring this lawsuit. There is no reason to believe that her legal position with respect to this case is antagonistic to any of the other class members. The Court finds that she will be a fair representative of the class.

C.  **Rule 23(b)(3) Requirements**

Federal Rule of Civil Procedure 23(b)(3) authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In this case, the class would confront the same common question of law: whether the letters class members received from Defendant violated the FDCPA. While there will likely be factual differences among the class members relating to the amount of their debts, the duration of the time limitation of the offer, the central factual inquiry will be common to all of them: whether the offer detailed in the letter was in fact time limited.

With the common questions predominating, the only issue remaining is whether the class action vehicle is superior to other available methods of adjudicating this controversy. In this case, the amount of damages any individual plaintiff may have suffered from Defendant's allegedly illegal conduct is likely to be small. A class action will provide the class of plaintiffs with an opportunity to obtain a judgment that might otherwise be prohibited. Similarly, it will be more efficient for the Defendant to adjudicate the controversy relating to all potential plaintiffs in one action. If proven, the violation alleged here is the type of low-level violation that is likely to

9

evade review. In this case, a class action is a superior method of adjudication.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Class Certification is granted. Plaintiff may proceed on behalf of a class of plaintiffs consisting of: (a) all natural persons in Illinois, (b) to whom Defendant Risk Management Alternatives, Inc. sent a letter, (c) on behalf of Bank One Credit Company, (d) offering a settlement at 50 percent or more of the balance due, (e) that must be accepted within a limited period, (f) which letter was sent on or after September 26, 2001 (one year prior to the filing of this action).

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: September 18, 2003**